# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **MARTEZ R. TOLLIVER,** | |
| Plaintiff, | |
| v. | **CASE NO. 5:25-cv-795-HDM** |
| **RUNERGY ALABAMA INC.,** | |
| Defendant. | |

## MEMORANDUM OPINION

Failure to respond to discovery is grounds for dismissal for failure to prosecute. Here, despite a court order to do so, Plaintiff Martez Tolliver has failed to respond to certain discovery requests that were served on Mr. Tolliver on September 9, 2025—approximately six months ago. This is in spite of Defendant Runergy Alabama Inc.'s continued efforts to obtain voluntary compliance. For the reasons contained in this Order, Runergy's motion to dismiss for failure to prosecute, (doc. 27), is due to be **GRANTED**.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 37(b)(2)(A)(v), a court may dismiss a case if a party fails to obey an order to provide discovery. And Federal Rule of Civil Procedure 41(b) allows dismissal if a plaintiff fails to prosecute the case or fails to follow the Federal Rules or a court order. Courts also have inherent authority to

dismiss a case when a party does not prosecute it. *See Eads v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 863 (11th Cir. 2008) (per curiam). A court may dismiss the case with prejudice when "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1338 (11th Cir. 2005).

## DISCUSSION

Despite a court order requiring responses, (doc. 23), and multiple opportunities to comply, Mr. Tolliver still has not fully responded to the discovery requests served six months ago. Mr. Tolliver first served only objections, then partial responses, and then incomplete responses, even after the court ordered him to comply. The timeline of events is as follows:

1. **September 9, 2025**: Counsel for Runergy serves interrogatories and requests for production on Mr. Tolliver. (Doc. 19-1). Under the Federal Rules of Civil Procedure, Mr. Tolliver's responses were due on October 13, 2025. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A).
2. **October 20, 2025**: Runergy emails Mr. Tolliver regarding his failure to submit responses. (Doc. 19-2). Runergy agrees to extend the deadline until November 10 for Mr. Tolliver to provide discovery responses. *Id.*
3. **November 10, 2025**: Mr. Tolliver responds to Runergy's interrogatories, almost entirely with meritless objections. (Doc. 19-4). He does not respond at all to Runergy's requests for production. *See id.*
4. **November 11, 2025**: Runergy sends a letter to Mr. Tolliver outlining the deficiencies in the objections and responses that he did provide on November 10 and asking him to respond to Runergy's requests for

production. (Doc. 19-5). Runergy allows Mr. Tolliver until November 18 to provide substantive responses. *Id.*

5. **November 18, 2025**: Mr. Tolliver does not respond. (Doc. 19 at 3).

6. **November 19, 2025**: Runergy follows up with a telephone call to Mr. Tolliver and leaves a voicemail. *Id.*

7. **December 2, 2025**: The court holds a telephonic status conference at Runergy's request. (*See* doc. 17). The court tells Mr. Tolliver to provide adequate discovery responses by December 16. (*See* Doc. 19 at 3). The court tells Runergy it may file a motion to compel if Mr. Tolliver fails to provide responses. *Id.*

8. **December 16, 2025**: Mr. Tolliver provides Runergy with several documents and audio recordings in response to Runergy's requests for production. (Doc. 19-6). Mr. Tolliver's other responses to Runergy's requests for production contain frivolous, blanket objections. *Id.* Mr. Tolliver provides no updated responses to the interrogatories. *See id.*

9. **December 17–19, 2025**: Runergy emails Mr. Tolliver, allowing him until December 19 to remedy his responses. (Doc. 19-7). Mr. Tolliver requests until December 29. *Id.* Runergy gives him until December 22. *Id.*

10. **December 22, 2025**: Mr. Tolliver does not respond. (*See* Doc. 19 at 4).

11. **December 23, 2025**: Runergy files a motion to compel with the court. (Doc. 19).

12. **January 16–22, 2026**: Mr. Tolliver responds to Runergy's motion to compel, accusing Runergy of filing it in bad faith. (Doc. 21). Runergy replies on January 22. (Doc. 22).

13. **January 26, 2026**: The court grants Runergy's motion to compel and orders Mr. Tolliver to fully comply by February 9. (Doc. 23). The court lists out precisely which interrogatories and requests for production Mr. Tolliver must fully respond to. *Id.* The court orders Mr. Tolliver to pay Runergy's costs and attorney's fees associated with filing the motion to compel. *Id.* The court's order states: "Mr. Tolliver is **WARNED** that the court will not tolerate further refusal to answer, particularly in light of the long pendency of these discovery requests." *Id.* at 9.

14. **February 9, 2026**: Mr. Tolliver responds to Runergy's requests for production and interrogatories, but numerous responses to requests for production contain the same meritless objections that Mr. Tolliver

3

previously provided (despite the court having told Mr. Tolliver to fully respond to those specific requests for production). (Doc. 27-1).

15. **February 11, 2026**: Runergy sends Mr. Tolliver a letter requesting responses to certain requests for production by February 16. (Doc. 27-2). Mr. Tolliver admits that he received the letter. *See* Transcript of Oral Argument at 15. These are the few requests for production that Runergy deems absolutely essential to proceed with depositions and other discovery. *See* Transcript of Oral Argument at 3.

16. **February 16, 2026**: Mr. Tolliver does not respond. (*See* Doc. 27 at 3).

17. **February 19, 2026**: Runergy files a motion to dismiss for failure to prosecute. (Doc. 27). The court gives Mr. Tolliver until February 27 to respond, which he does not do, and sets a hearing for March 5. (Doc. 28).

18. **March 5, 2026**: The court holds a hearing on Runergy's motion to dismiss for failure to prosecute. *See id.* At the hearing, Mr. Tolliver provides a late response to Runergy's motion, which the court, in light of Mr. Tolliver's pro se status, considers. *See* Transcript of Oral Argument at 4; (Doc. 31). Mr. Tolliver requests additional time to respond to Runergy's discovery requests. (Doc. 31).

As this timeline makes clear, Mr. Tolliver has had many opportunities over the course of half a year to respond to Runergy's basic discovery requests. He has repeatedly and consistently failed to do so, engaging in a clear pattern of delay. Mr. Tolliver has also repeatedly failed to comply with the court's unambiguous instructions—including an order granting Runergy's motion to compel—to respond to Runergy's discovery requests. Therefore, the court finds that Mr. Tolliver's conduct reflects a clear pattern of delay and willful disregard of the court's orders. *See Betty K Agencies, Ltd.*, 432 F.3d at 1338.

Although dismissal of Mr. Tolliver's case is an extreme sanction, lesser sanctions will not suffice. *See id.* In his response to Runergy's motion to dismiss, Mr. Tolliver requests lesser sanctions, including ordering supplementation, awarding reasonable expenses (if appropriate), and issuing a warning. (Doc. 31 at 4). Mr. Tolliver also requests leave to cure and an extension of deadlines. None of these are appropriate here.

First, Mr. Tolliver has repeatedly been given leave to cure and been ordered to supplement his discovery responses, and he has not done so. *See* Timeline Entries 7 and 13, *supra*. Second, fees have already been awarded. (*See* doc. 30 (awarding $2,910 in fees)). Third, the court has already issued Mr. Tolliver a warning. (*See* Doc. 23 at 9 ("Mr. Tolliver is **WARNED** that the court will not tolerate further refusal to answer, particularly in light of the long pendency of these discovery requests.")). Fourth, between the court's orders and Runergy's own leniency, Mr. Tolliver has been given *six* extensions of deadlines to respond. *See* Timeline Entries 2, 4, 7, 9, 13, 15.

Other sanctions applicable to plaintiffs and allowed under Federal Rule of Civil Procedure 37 for failing to cooperate in discovery include: "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; [] striking pleadings in whole or in

part; [and] staying further proceedings until the order is obeyed." Fed. R. Civ. P. 37(b)(2)(A). None of these are appropriate here.

First, prohibiting Mr. Tolliver from supporting the claims implicated by his refusal to cooperate in discovery is unworkable. Mr. Tolliver only brings two claims—discrimination and retaliation under Title VII—and the discovery issues here implicate both claims. Thus, Runergy would be forced into the unnecessarily expensive and time-consuming position of litigating a case in which the plaintiff is allowed to introduce no evidence at all. Second, striking the implicated pleadings would strike *all* of Mr. Tolliver's pleadings, effectively dismissing the case. And third, staying the case would be futile, as the court has no reason to believe that, given the amount of time Mr. Tolliver has already had to comply, staying the case would accomplish anything.

Therefore, the court finds that lesser sanctions will not suffice. And Mr. Tolliver's failure to take advantage of the multiple opportunities afforded him by Runergy and the court overcomes any leniency warranted by his *pro se* status. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("If a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant."); *McDonald v. Hubbell Power Sys., Inc.*, No. 2:23-cv-13-AMM, 2023 WL 12144742, at *1 (N.D. Ala. Oct. 26, 2023) (holding that the extraordinary remedy of dismissal

upon disregard for a court order is not an abuse of discretion when the litigant has been forewarned and that *pro se* litigants should be sanctioned the same).

## CONCLUSION

For the reasons stated herein, the court finds that Mr. Tolliver's conduct reflects a clear pattern of delay and willful disregard of the court's orders. Despite multiple extensions, a motion to compel, a court order requiring compliance, an award of attorney's fees, and an explicit warning that further refusal to answer discovery would not be tolerated, Mr. Tolliver has continued to provide incomplete responses and ignore specific discovery obligations. Under these circumstances, the court finds that Mr. Tolliver's conduct is contumacious and that lesser sanctions would not suffice to ensure compliance. *See Betty K Agencies, Ltd.*, 432 F.3d at 1338. Therefore, the court **GRANTS** Runergy's motion to dismiss, (doc. 27), and **DISMISSES** the case **WITH PREJUDICE**. A separate judgment will be issued along with this opinion.

**DONE** and **ORDERED** on March 6, 2026.

_____
**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE